IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDY JACKSON (TDCJ No. 1710931), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-800-K-BN |
| WILLIAM STEPHENS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Brandy Jackson, a Texas inmate, proceeding *pro se*, has filed a First Motion for Extension of Time to File Petition for Discretionary Review, which the Court has liberally construed as a 28 U.S.C. § 2254 habeas application. *See* Dkt. No. 3. For the reasons explained below, the construed federal habeas application should be denied pursuant to Rule 4 of the Rules Governing Section 2254 Cases without prejudice to Jackson's right to fully exhaust her state court remedies.

**Background**

Because Jackson did not initiate this action using the proper form application, the undersigned reviewed her pleading against state court records available online and a previous Section 2254 action that she initiated in this Court – *Jackson v. Stephens*, No. 3:14-cv-597-N-BF (N.D. Tex.). The Court then sent Jackson a Notice of Deficiency, Questionnaire, and Order [Dkt. No. 6] to provide her fair notice that her claims

appeared to be both unexhausted and possibly barred by the applicable statute of limitations. Jackson responded by stating that, when she sent this Court her request "to file an out of [petition for discretionary review,] "she did not know [it] would lead to a writ of 2254." Dkt. No. 7. She then requested that this action "be dismissed without prejudice" to allow her to file a state habeas application. *Id.*

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Through the construed Section 2254 habeas petition and her response to the Court notice of deficiency/questionnaire, Jackson reveals that she has not fully exhausted applicable state court remedies by obtaining a decision from the Texas Court of Criminal Appeals prior to filing a habeas application in this Court. Thus, she has failed to exhaust state court remedies in a procedurally correct manner, and her construed Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

**Recommendation and Direction to the Clerk of Court**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should deny Jackson's 28 U.S.C. § 2254 habeas application without prejudice to her right to fully and properly exhaust state court remedies. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General and will be directed to the attention of Elizabeth Goettert and Laura Haney, Assistant Attorneys General, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 11, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE